IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Regan I. Blanchard, | Civil Action No. 0:16-cv-3197-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| Andrew Saul, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the court on the petition of Plaintiff's attorney for $33,118.00 in attorney's fees pursuant to 42 U.S.C. § 406(b). ECF No. 36. Defendant filed a response and does not object to an award of $33,118.00 attorney's fees under § 406(b). ECF No. 30. For the reasons set forth below, the petition is granted.

Plaintiff's attorney seeks an award of attorney's fees in the amount of $33,118.00, which is twenty-five percent (25%) of the past-due benefits awarded to Plaintiff.[1] This percentage is consistent with the terms of the written contingency fee agreement between Plaintiff and his attorney. Plaintiff previously sought attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and was awarded $6,500.00. Defendant requests the court authorize a payment of the amount requested ($33,118.00) from Plaintiff's past-due benefits, with counsel to remit the EAJA fee amount, $6,500.00, to Plaintiff.

---

[1] Two of Plaintiff's minor dependents were also awarded past-due benefits. Taking together Plaintiff's benefits with those for his minor dependents, the total amount of past-due benefits is $132,472, of which 25% ($33,118.00) was withheld for payment of attorney's fees. *See* ECF Nos. 36-6, 36-7, 36-8.

In light of the contingent nature of the fees and other relevant considerations (e.g., complexity of the matter, adequacy of representation, and absence of any delay caused by counsel), the court finds the fee sought and equivalent hourly rate are reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789 (2002) (approving fees based on contingency fee agreement subject to review for reasonableness, which review considers, inter alia, whether there has been substandard representation or delay caused by counsel). The amount of fees takes into account the significant award counsel obtained for Plaintiff, who is to receive back benefits for himself and two minor dependents from August 2014 to present.

The court, therefore, approves payment of attorney's fees to Plaintiff's attorney under 42 U.S.C. § 406(b) in the amount of $33,118.00, with counsel to remit the EAJA fee amount, $6,500.00, to Plaintiff. *See Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009) ("[T]he claimant's attorney refunds to the claimant the amount of the smaller fee."). The $33,118.00 is to be paid from the past-due benefits.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
September 4, 2019